IN THE UNITED STATES DISTRICT COURT

SOURTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | |
|---|---|
| TRAVIS LAWAYNE RYALS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:11cv00210-LGW-JEG |
| JAMES DOMINY, in his | ) |
| Individual Capacity, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant, James Dominy, in his Individual Capacity, answers the Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's claims against Officer Dominy in his individual capacity are barred by qualified immunity.

### SECOND DEFENSE

At all times pertinent to this suit, Officer Dominy acted in the good faith execution of his duties and upon the reasonable belief that his actions were appropriate and necessary. Officer Dominy, therefore, is immune from some or all of Plaintiff's claims.

## THIRD DEFENSE

There was probable cause, or a reasonable basis to believe that probable cause existed, for any arrest, detention and prosecution of the Plaintiff so as to bar the present action.

## FOURTH DEFENSE

Plaintiff's claims against Officer Dominy in his official capacity, if asserted, are barred by sovereign immunity.

## FIFTH DEFENSE

Plaintiff's claims are barred because he has not alleged, and cannot prove, any unconstitutional practice, policy or procedure of the City of Baxley or Officer Dominy in his official capacity.

## SIXTH DEFENSE

No act or omission on the part of the Defendant was the result of any negligence or failure to use due care, and thus Plaintiff is not entitled to recover against Defendant.

## SEVENTH DEFENSE

There is no basis for any award of punitive damages against Officer Dominy individually or in his official capacity.

## EIGHTH DEFENSE

Whatever injuries and damages were sustained by Plaintiff were caused in whole or in part, or were contributed to, by reason of acts or omissions or events over which the Defendant had no control and for which he is not legally liable.

## NINTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## TENTH DEFENSE

Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendant admits that the alleged conduct giving rise to this action occurred in Baxley, Georgia and that venue is proper in this Court. The U.S. Constitution and the statues of the United States speak for themselves. Defendant denies any allegation that he did not act in conformity with the law.

2. Based on information and belief, Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant admits that Peppers Dance Hall or Club Peppers was a dance club that operated in the City of Bxley, located at 417 East Parker Street, Baxley, Georgia. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant admits the allegations contained in the first portion of Paragraph 5 of the Plaintiff's Complaint. Plaintiff and other unknown persons were also involved in the operation of Peppers.

(a) Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 5(a) of the Plaintiff's Complaint.

(b) Defendant admits the allegations contained in Paragraph 5(b) of the Plaintiff's Complaint.

(c) Defendant admits the allegations contained in Paragraph 5(c) of the Plaintiff's Complaint.

(d) Defendant denies the allegations contained in Paragraph 5(d) of the Plaintiff's Complaint.

(e) Defendant admits the allegations contained in Paragraph 5(e) of the Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant admits that he was one of the officers who responded to Peppers and upon his arrival he attempted to assist a person who had been shot and also to secure the scene. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 7 of the first portion of Plaintiff's Complaint.

(a) Defendant admits the allegations contained in Paragraph 8(a) of the Plaintiff's Complaint.

(b) Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 7(b) of the Plaintiff's Complaint.

(c) Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 7(c) of the Plaintiff's Complaint.

(d) Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 7(d) of the Plaintiff's Complaint.

(e) Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 7(e) of the Plaintiff's Complaint.

(f) Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 7(f) of Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 7(a) of the Plaintiff's Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant admits the allegations contained in the first portion of Paragraph 10 of the Plaintiff's Complaint.

(a) Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 10(a) of the Plaintiff's Complaint.

(b) Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 10(b) of the Plaintiff's Complaint.

(c) Defendant denies the allegations contained in Paragraph 10(c) of the Plaintiff's Complaint.

(d) Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 10(d) of the Plaintiff's Complaint.

11. Defendant admits the allegations contained in the first portion of Paragraph 11 of the Plaintiff's Complaint.

(a) Defendant admits that Cpl. Johnny Nettles issued a citation on 12/29/09 at 10:05 a.m.. Defendant denies the remaining allegations contained in Paragraph 11(a) of the Plaintiff's Complaint.

(b) Defendant admits the allegations contained in Paragraph 11(b) of the Plaintiff's Complaint.

(c) Defendant denies the allegations contained in Paragraph 11(c) of the Plaintiff's Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in the first portion of Paragraph 13 of the Plaintiff's Complaint.

(a) Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 13(a) of the Plaintiff's Complaint.

(b) Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 13(b) of the Plaintiff's Complaint.

(c) Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 13(c) of the Plaintiff's Complaint.

(d) Defendant denies the allegations contained in Paragraph 13(d) of the Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant incorporates his responses to the allegations contained in Paragraphs 1-17 of Plaintiff's Complaint.

19. Responding to Paragraph 19, including subparts (a) – (e), Defendant states the U.S. Constitution, Georgia case law, Federal case law and the U.S. Code speak for themselves. Defendant denies any allegations inconsistent therewith.

20. Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

## ELEVENTH DEFENSE

Defendant denies Plaintiff is entitled to any relief sought in Plaintiff's Complaint including as alleged in the Prayers for Relief.

## TWELVTH DEFENSE

Any and all allegations in this Complaint not responded to above are hereby denied.

WHEREFORE, having fully responded to the Plaintiffs' Complaint, this defendant prays that he have trial by a jury, that it be henceforth discharged without any liability to the Plaintiff, that Plaintiffs bear all costs of this action, and for such other and further relief as this Court deems just and proper.

This 30th day of January, 2012.

                                  ELLIS, PAINTER, RATTERREE & ADAMS LLP

                                  s/Sarah B. Akins
                                  Sarah B. Akins
                                  Georgia Bar No. 086640
                                  Attorneys for Defendant

Post Office Box 9946
Savannah, Georgia 31412
(912) 233-9700 phone
(912) 233-2281 fax
sbakins@epra-law.com

                                  s/J. Alexander Johnson
                                  J. Alexander Johnson
                                  Georgia Bar Number 394150
                                  Attorney for Defendant

132 West Parker Street
Baxley, Georgia 31513-0658
(912) 366-9000 phone
(912) 367-5883 fax
jajohnson@jajlaw.com

IN THE UNITED STATES DISTRICT COURT

SOURTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | |
|---|---|
| TRAVIS LAWAYNE RYALS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:11cv00210-LGW-JEG |
| JAMES DOMINY, in his | ) |
| Individual Capacity, | ) |
| | ) |
| Defendant. | ) |

CERTIFICATE OF SERVICE

This is to certify that I have on this day filed electronically via CM/ECF a true and correct copy of the foregoing Answer and, therefore, have served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of the electronic filing and U.S. mail to:

        G. Brian Spears
        1126 Ponce de Leon Avenue
        Atlanta, Georgia  30306

        Albert Wan
        1201 Peachtree Street, NE
        400 Colony Square, Suite 200
        Atlanta, Georgia  30361

J. Alexander Johnson
132 West Parker Street
Baxley, Georgia 31513-0658

This 30th day of January, 2012.

ELLIS, PAINTER, RATTERREE &
ADAMS LLP

s/Sarah B. Akins
Sarah B. Akins
Georgia Bar No. 086640
Attorneys for Defendant

Post Office Box 9946
Savannah, Georgia 31412
(912) 233-9700 phone
(912) 233-2281 fax
sbakins@epra-law.com